J-S03010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH WILLIAMS | |
| Appellant | No. 372 WDA 2016 |

Appeal from the Judgment of Sentence June 11, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002534-2015

BEFORE: OLSON, SOLANO and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.: **FILED JANUARY 30, 2017**

Appellant, Keith Williams, appeals from the judgment of sentence entered on June 11, 2015, as made final by the denial of his post-sentence motion on February 25, 2016. Although we affirm Appellant's convictions, we are constrained to vacate his judgment of sentence and remand for re-sentencing.

The factual background and procedural history of this case are as follows. On August 26, 2014, Appellant was apprehended while in possession of heroin and marijuana. On April 13, 2015, the Commonwealth charged Appellant via criminal information with possession of a controlled

_____

* Retired Senior Judge assigned to the Superior Court

substance[1] and possession of a small amount of marijuana.[2]   On June 11, 2015, Appellant pled guilty to both charges and was immediately sentenced to an aggregate term of 30 days' imprisonment.   Thereafter, with the trial court's leave, Appellant filed a post-sentence motion *nunc pro tunc*.   On February 25, 2016, Appellant's post-sentence motion was denied via operation of law.  This timely appeal followed.[3]

Appellant presents one issue for our review:

Was trial counsel ineffective for failing to file a motion to suppress evidence seized from [Appellant] following a violation of the federal and state constitutional prohibitions against unreasonable warrantless searches and seizures?

Appellant's Brief at 5.

Our Supreme Court has explained that, except in very limited circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-[sentence] motions; and such claims should not be reviewed upon direct appeal." **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). One limited circumstance in which ineffectiveness claims can be reviewed on direct appeal is when a defendant is serving a sentence so short that he or she would likely be ineligible for PCRA relief.   **See id.** at 578.   For this

---

[1] 35 P.S. § 780-113(a)(16).

[2] 35 P.S. § 780-113(a)(31).

[3] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

exception to apply, however, the trial court must determine that unitary review is appropriate when ruling on the defendant's post-sentence motion. *See id.* In this case, Appellant's post-sentence motion was denied via operation of law which *ipso facto* means the trial court did not determine that unitary review was appropriate in this case. Moreover, although Appellant executed a document waiving his right to seek PCRA relief, he did not engage in an on-the-record waiver colloquy as required by **Holmes**. *See id.* at 580. As such, we may not consider the merits of Appellant's ineffectiveness claim.

Next, we *sua sponte* consider the legality of Appellant's sentence. **See Commonwealth v. Mosley**, 114 A.3d 1072, 1087 (Pa. Super. 2015) (citation omitted). It is well-settled that "flat sentences are generally illegal[.]" **Commonwealth v. Stultz**, 114 A.3d 865, 885 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1201 (Pa. 2015). A trial court must "impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. § 9756(b). In this case, the trial court sentenced Appellant to a flat sentence of 30 days' imprisonment instead of sentencing him to a minimum and maximum term of imprisonment. As such, Appellant's sentence was illegal. **See Commonwealth v. Basinger**, 982 A.2d 121, 127 (Pa. Super. 2009) ("A 'flat' sentence, which fails to specify the required minimum term for purposes of parole eligibility, violates the[] requirements of the Sentencing

Code and is therefore illegal."). Therefore, although we affirm Appellant's convictions, we are constrained to vacate his judgment of sentence and remand for re-sentencing.

Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/30/2017